9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James T. FITE, Plaintiff-Appellant,
v.
Phillip CANTRELL, Chuck Goff, and Kenneth Pack, Defendants-Appellees.
 No. 92-6293.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1993.
 
 Before GUY and NELSON, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 This is a civil rights action involving claims of unconstitutional conduct on the part of two bail bondsmen, defendants Phillip Cantrell and Chuck Goff, who allegedly kidnapped the plaintiff after he jumped bail. A jury returned a verdict in favor of the bondsmen, and the plaintiff has appealed. We shall affirm the judgment entered on the jury's verdict.
 
 
 2
 * * *
 
 
 3
 * * *
 
 
 4
 Charged with vehicular homicide in Tennessee, the plaintiff in the instant case, James T. Fite posted bail through defendant Cantrell. Fite failed to appear for his trial, which was scheduled to begin in Smithville, Tennessee, on April 19, 1988. A capias warrant was then issued for his arrest. The warrant was not executed because the authorities were unable to locate Mr. Fite.
 
 
 5
 Mr. Fite and his wife had been living in Mount Juliet, Tennessee, some 60 miles northwest of Smithville. Mrs. Fite testified that in June of 1988--two months after the time set for trial--the couple moved from Mount Juliet to Bowling Green, Kentucky.
 
 
 6
 Mr. Fite asserts that defendants Cantrell and Goff kidnapped him at his residence in Bowling Green on the night of July 21, 1988, and forcibly returned him to Smithville. There Fite eventually pleaded guilty to vehicular homicide, aggravated assault, and felony bail jumping. He has since brought several state and federal lawsuits against the bondsmen and others.
 
 
 7
 Sheriff Kenneth Pack was named as a defendant in the present action, along with the bondsmen, but only the case against the bondsmen went to the jury; the district court dismissed the case against Sheriff Pack. The jury found that neither of the bondsmen violated Mr. Fite's due process rights. A timely appeal has been perfected from the judgment entered on the verdict. Although Mr. Fite asks that Sheriff Pack be "renamed" as a defendant, there has been no intelligible claim of error in the dismissal of the Sheriff.
 
 
 8
 The appeal raises a variety of overlapping issues concerning, among other things, evidentiary rulings, alleged perjury, the denial of a motion for change of venue, purported misconduct and conflicts of interest on the part of the attorneys, disclosure to the jury of the plaintiff's status as a prisoner, and failure to find the defendant bondsmen liable as a matter of law. After careful scrutiny of the record, we find no reversible error; the judgment is therefore AFFIRMED. A motion in which the plaintiff asks us to add certain parties in place of defendant Cantrell, who died in January of this year, is DENIED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation